IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

DENNIS GIVENS,

    Plaintiff,

v.                                            Civil Action No. 5:10CV26
                                                           (STAMP)

REBECCA RANDOLPH,
MAIN STREET FINANCIAL SERVICES CORP.
(Holding company for) MAIN STREET BANK,
KEITH C. GAMBLE, and
PULLIN, FOWLER, FLANAGAN, BROWN & POE, PLLC,
individually and collectively,

    Defendants.

**MEMORANDUM OPINION AND ORDER**
**DENYING PLAINTIFF'S MOTION FOR CHANGE IN VENUE**

I. Background

Dennis Givens is proceeding as a pro se[1] plaintiff in the above-styled civil action. The plaintiff filed this civil action in the Circuit Court of Ohio County, West Virginia. Thereafter, the defendants removed this action to this Court.

On June 25, 2010, Givens filed a motion to move venue to another district in the Fourth Circuit outside of West Virginia. The defendants filed a response in opposition. The plaintiff filed no reply. The plaintiff's motion to change venue is now fully briefed and ripe for review. This Court has carefully reviewed the parties' motions and related memoranda, and because the plaintiff

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1341 (9th ed. 2009).

is pro se, this Court has liberally construed the plaintiff's pleadings. See Haines v. Kerner, 404 U.S. 519 (1971) (holding pro se complaint to less stringent standards than formal pleadings drafted by lawyers). For the reasons stated below, this Court finds that the motion must be denied.

## II. Legal Standard

A motion to transfer a case to another venue is subject to the provisions of 28 U.S.C. §§ 1404(a) and 1391(a). Pursuant to 28 U.S.C. § 1404(a), "a district court may transfer any civil action to any other district or division where it might have been brought" where such transfer is made "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). The question of where a civil action based solely on diversity of citizenship "might have been brought" is answered in 28 U.S.C. § 1391(a), which provides:

> A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(a).

For a civil action which is not based wholly on diversity of citizenship, 28 U.S.C. § 1391(b) answers the question of where such action "might have been brought":

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b).

### III. Discussion

The plaintiff requests that his case be transferred to another district in the Fourth Circuit outside of West Virginia. The plaintiff believes that the media coverage of the case has prejudiced the jury pool and that he is a controversial and polarizing figure in West Virginia. The plaintiff also contends in the motion that United States Magistrate Judge John S. Kaull is biased. The plaintiff bases his motion on the Federal Rules of Criminal Procedure. Instead, this Court looks to the United States Code, which is cited above.

The federal law governing venue prohibits the transfer of this case to a court outside the State of West Virginia because the plaintiff could not have initiated this suit in any other federal district court. For purposes of venue, the defendants are citizens

3

of West Virginia.  The conduct and events of which the plaintiff complains occurred exclusively in West Virginia and Ohio.  Because all of the defendants are citizens of West Virginia and all of the events giving rise to the plaintiff's claims occurred in West Virginia and Ohio, venue lies in no other state in the Fourth Circuit except West Virginia.  Therefore, this action is not one which initially "might have been brought" in a federal district court in the Fourth Circuit outside of West Virginia.  In light of the restrictions which federal venue law imposes upon the transfer of a case to another district court, this Court must deny the plaintiff's motion to change venue.

Furthermore, the plaintiff does not provide any support for his allegation that he could not receive a fair trial.  The plaintiff attaches no media stories in support of his motion.  Any knowledge by any prospective juror of the plaintiff or any defendant could be sufficiently handled at trial during jury selection and voir dire.  None of the parties reside in Maryland, Virginia, North Carolina, or South Carolina and none of the conduct forming the basis of the plaintiff's suit occurred in Maryland, Virginia, North Carolina, or South Carolina.  Weighing the convenience of the parties and witnesses, this Court finds that the United States District Court for the Northern District of West Virginia provides the most appropriate venue.  Accordingly, this Court finds that the circumstances and posture of this case

4

strongly support venue in this district, and this Court would therefore decline to transfer this action even if permitted to do so under the federal venue statute.

IV. Conclusion

For the above reasons, the plaintiff's motion to transfer the case to a United States District Court in the Fourth Circuit outside of West Virginia is DENIED.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se plaintiff by certified mail and to counsel of record herein.

DATED: July 29, 2010

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE