IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

DENNIS A. GIVENS,
    Plaintiff

v.                                                                                    Civil Action No 5:10 CV 26

REBECCA RANDOLPH,
MAIN STREET FINANCIAL SERVICES CORP,
(HOLDING CO. FOR) MAIN STREET BANK,
KEITH C. GAMBLE, PULLIN, FOWLER,
FLANAGAN, BROWN & POE PLLC, AND
CITY OF WHEELING,
INDIVIDUALLY AND COLLECTIVELY,
    Defendants.

## ORDER

Presently pending before the Court are the parties' cross motions for sanctions.

### I. Procedural History

This matter was originally filed as a state court libel, slander and defamation action and removed to this court on March 1, 2010. On March 2, 2010, the district judge entered an order directing the parties to conduct their Rule 26 meeting before April 5, 2010 and submit a report of same by April 12, 2010. [DE 5]. The Report of Rule 26(f) Planning Meeting was filed April 12, 2010. [DE 20]. April 12, 2010 Plaintiff filed his Objection To Defendant Legal Advice and Limit Plaintiff Modification Of Rule 26 Memorandum and included in the filing a request that the Court order sanctions against Defendants. [DE 22]. Defendants filed their response to Plaintiffs DE 22 Objections on April 26, 2010. DE 23]. Defendants' Rebecca Randolph And Main Street Financial Services Corp. filed their separate Motion For Sanctions April 30, 2010 [DE 26] with supporting memorandum [DE 27]. Plaintiff filed Notice, Motion & Memorandum In Support Of Plaintiff Motion For Sanctions on May 10, 2010 [DE 30] together with Plaintiff Memorandum In Opposition

To Defendant Motion For Sanctions. [DE 31]. Defendants' Rebecca Randolph And Main Street Financial Services Corp.'s filed their Response To Plaintiff's Motion & Memorandum In Support Of His Motion For Sanctions on May 24, 2010 [DE 32] with supporting memorandum [DE 33] as well as their Reply To Plaintiff's Memorandum In Opposition To Defendants Motion For Sanctions [DE 34] with supporting memorandum [DE 35].

Said Motions [cross motions for sanctions were referred to the undersigned by Order of the District Judge dated July 1, 2010 [DE 37]. The order of reference authorized the undersigned to: "without limitation, conduct a hearing on the motion, if necessary, and enter into the record a written order setting forth the disposition of the motion."

By Order the Court scheduled a hearing for July 23, 2010. [DE 43]. On July 23, 2010 Plaintiff and counsel for Defendants appeared at the Wheeling, West Virginia point of holding court and were connected to the undersigned by video conference link for hearing on the pending cross-motions for sanctions in accord with the scheduling order. At the conclusion of the hearing the undersigned took the matter under consideration.

## II. Undiputed Facts

Plaintiff, untrained in the practice of law, is representing himself in this action. Defendants are represented by licensed practicing lawyers. Plaintiff is the uncle of Greg Givens who is the named plaintiff in 5:10cv27, a civil action now pending before this court. Plaintiff resides with Greg Givens in the same house in Ohio. Greg Givens has been involved in litigation before this Court in another case against some defendants who are common to this action and who were represented by the same attorneys who are representing them in this action. After this action was filed and removed from state court, the district judge ordered the parties to meet and prepare a report of the meeting in accord with FRCivP26(f). The meeting was held telephonically on April 5, 2010. The telephonic

meeting was monitored by non-party Carol Pizzuto, mother of Greg Givens who supplied an affidavit for consideration by the Court. Defendants' counsels were unaware of Carol Pizzuto's monitoring of the telephonic meeting. Carol Pizzuto also lives in the same Ohio residence as her son and Dennis Givens. During the telephonic meeting Plaintiff sought certain discovery that exceeded the amount authorized under the local rules of civil procedure. Defendants, by counsel, verbally objected and resisted Plaintiff's requested discovery. Notwithstanding their objection and resistance, counsel for Defendants included the amounts and type of discovery requested by Plaintiff and their objections in the Rule 26(f) planning report they prepared and filed April 12, 2010. July 1, 2010 the district judge entered a scheduling order setting discovery limitations which were consistent with the local rules of civil procedure. [DE 38]. The district judge did not adopt Plaintiff's requested discovery.

### III. Findings and Conclusions of Controverted Facts

Upon consideration of the testimonial and other evidence presented at the hearing of July 23 2010 and the Rule 26(f) report filed with the Court, the undersigned concludes as a matter of fact:

1) Defendants' counsel did not give any legal advice to Plaintiff during or incident to the Rule 26(f) planning conference.

2) Defendants' counsel included all of Plaintiff's requested discovery in the Rule 26(f) report for consideration by the Court.

3) Defendants' counsels included in the Rule 26(f) report that Plaintiff claimed the right to assert matters of privilege even though they believed Plaintiff would not be legally entitled to claim certain matters of privilege since he is representing himself (appears pro se) in this action.

4) Plaintiff's claim that Defendants' counsels denied him the opportunity to assert matters of privilege in the 26(f) planning report is patently false.

5) Plaintiff filed his objections to the Rule 26(f) report on the afternoon of the same date as the report was filed.

6) Plaintiff is unable to articulate what advice he was given by Defendants' counsels.

7) Plaintiff is unable to articulate how he was "gagged" with respect to any issues by the actions of Defendants' counsels.

8) Defendants' counsels did not "gag" Plaintiff with respect to any issue or issues.

9) Defendants' counsels filing of the Rule 26(f) report on April 12th was timely and was not "a last minute filing."

10) During telephonic conferences between Plaintiff and Defendants' counsels incident to the Courts' order requiring the parties to conduct a Rule 26(f) planning conference, third persons were listening in and monitoring the conversations on Plaintiff's telephone system without the knowledge of Defendants' counsels.

11) Defendants' counsels recorded the telephonic conference between them and Plaintiff because of their prior experiences with Plaintiff as a witness in a prior case and because of his relationship with Greg Givens, a Plaintiff against many of the same Defendants in a case now pending before this Court.

12) Except for the size and style of font, the names in the style of the case, the name of the objector and the case number, the Objection [DE 22] filed by Dennis Givens contains exactly the same language as the Objection [DE 26] filed by Greg Givens in 5: 10 cv 27 on the same

date.[1]

13) The Objection [DE 22] filed by Plaintiff "requests such sanctions be placed upon Defendants for offering legal advice to Plaintiff, and such limitations or restrictions upon modifications outside the time limits allowed."

14) The Objection [DE 22] filed by Plaintiff "request[ing] such sanctions be placed upon Defendants for offering legal advice to Plaintiff, and such limitations or restrictions upon modifications outside the time limits allowed" is frivolous and resulted in unnecessary expenditure of time and resources by counsel for Defendants.

## IV. Discussion

This dispute arises out of the telephonic Rule 26 (f) conference conducted by Givens and counsel for Main Street in accord with the Court's First Order And Notice Regarding Discovery And Scheduling [DE 5].

According to the Report of Defendants' Rule 26(f) Conference filed April 12, 2010 [DE 22] Givens and counsel for the Main Street Bank Defendants conferred on April 5, 2010. Plaintiff requested 50 Interrogatories, 50 Requests For Admission, 50 Request For Production of Documents to each party defendant and a maximum of 20 depositions by each party. The Main Street Bank Defendants did not agree with the number of interrogatories, requests for admission, requests for production and depositions being sought by Givens. Attorneys for Main Street prepared the Rule 26(f) report for filing with the Court and submitted the same to Givens along with a transmittal cover letter. In the 26(f) report Main Street accurately reported what Givens was seeking by way of

---

[1] The facts of this case strongly suggest that Greg Givens is engaging in the unauthorized practice of law by advising and preparing documents for filing for his uncle, Dennis Givens. Review of the other documents filed by Plaintiff in this case reflect that they too mirror similar documents filed by Greg Givens in 5:10cv27.

discovery and objected to the same. Main Street, through the report, proposed to the District Judge its own version of what reasonable discovery might be.

On the afternoon of the same same date as the report, Plaintiff objected to the language of the transmittal cover letter. Givens complained that the attempt by the Main Street Defendants to limit discovery should have been filed as motions in limine and that it was inappropriate "at this stage" to limit discovery as it "would unfairly limit the presentation of viable agreement this court by Plaintiff and prevent the Plaintiff opportunity t o present or reserve such rights entitled to him and such evidence, the factual contentions that have evidentiary support or, if specifically so identified, will likely have evidentiary support after and reasonable opportunity for further input, investigation or discovery; and Defendant filing)s) by last minute filings and perversions that would limit thereby, and in effect, 'gagging' such issue(s) by unfair treatment of such Rule 26 Disclosures." Givens claimed sanctions against Defendants "for offering legal advice to Plaintiff...." [DE 22].

By Scheduling Order dated July 1, 2010 [DE 45], the Court limited discovery by interrogatories, requests for admissions, and depositions in accord with the provisions of LR Civ P 26.01(c) notwithstanding the parties' advisory 26(f) conference report and requests made therein.

F R Civ P 26(f) provides in pertinent part:

(1) "... the parties must confer as soon as practicable ... before a scheduling conference is to be held or a scheduling order is due under Rule 16(b)."

(2) "In conferring, the parties must consider the nature and basis of their claims and defenses ... and develop a proposed discovery plan. The attorneys of record and all unrepresented parties that have appeared in the case are jointly responsible for ... attempting in good faith to agree on the proposed discovery plan ...."

(3) "A discovery plan must state the parties views and proposals on:

(E)  "what changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed ....."

Under F R Civ P 30(a)(2)(A)(i) the party seeking to take more than 10 depositions and under F R Civ P 33(a)(1) the party seeking more than 25 interrogatories, including all discreet subparts; must have permission of the Court. L R Civ P 26.01(c) provides: "Unless otherwise ordered or stipulated, discovery under Fed. R. Civ. P. 26(a)(5) shall be limited as follows:

(1)  ten depositions .... by each plaintiff;

(2)  ten depositions .... by each defendant;

(4)  forty written interrogatories, including discreet subparts, per party; and

(5)  forty requests for admission per party.

The mere fact that counsel, who were familiar with both the local and federal rules relating to discovery, would object during the Rule 26(f) conference that the number of interrogatories, depositions or requests for admissions sought by the pro se plaintiff was unnecessary is not an attempt to muzzle or gag the pro se plaintiff. Nor is it a method to frustrate the pro se plaintiffs search for the truth through discovery. It is simply the give and take envisioned by the rule and the Court's order entered pursuant to the rule mandating that the parties meet and confer concerning discovery.

Moreover, in the instant case, counsel for Main Street Bank properly prepared the written report of the parties' R 26(f) conference and in that report provided a clear statement of what Givens wanted in the way of discovery so the district judge was aware prior to entry of the Scheduling Order that: Givens sought 50 interrogatories instead of the 40 defendants proposed; Givens sought 50 requests for admission instead of the 40 defendants proposed; Givens sought 50 requests for production of documents instead of the 40 defendants proposed; and, Givens sought 20 depositions

instead of the 10 defendants' proposed.

The Federal and Local Rules of civil procedure are publicly available documents.

There is nothing in the 26(f) report or the letter transmitting it to Givens that gives unsolicited legal advice or that limits Givens' rights with respect to discovery. The Court limited those rights by its Scheduling Order. To the extent Givens claims that attempts were made to place a limitation on his modification of the Rule 26(f) report, the record of the April 8, 2010 correspondence accompanying Givens' copy of the report contradicts such a claim. It provided: "If you do not agree with the dates or want any changes made, please let me know as soon as possible. You do not have the authority to make changes to this document without approval of all counsel. We will be glad to discuss any changes you may have, if any." The evidence at the hearing was that Givens did not have any contact with the Main Street Defendants' counsel after his receipt of the Rule 26(f) report and before filing his objections to the same. Notwithstanding his protestations to the contrary, it also appears that Givens, either went to the Federal Court Clerk's desk to review the R. 26(f) report already armed with the written objections to that report or he and his nephew met at a local library and he or his nephew copied the nephew's objections in order to make them his own. Dennis Givens has no plausible explanation for why the substance of his objections would be verbatim identical to the objections filed the same day by his nephew, Greg Givens.

Givens' claim that Defendants' counsel denied him the opportunity to assert matters of privilege in the 26(f) planning report is patently false. Defendants' counsels included in the Rule 26(f) report that Plaintiff claimed the right to assert matters of privilege even though they believed Plaintiff would not be legally entitled to claim certain matters of privilege since he is representing himself (appears pro se) in this action.

"'[H]owever inartfully pleaded,' [a pro se complaint] must be held to 'less stringent standards

than formal pleadings drafted by lawyers' . . . ." Estelle v. Gamble, 429 U.S. 97, 106 (1976). Nonetheless, "[n]either the liberal pleading rules nor generous *pro se* practices of the courts has eliminated 'the time honored notion that the law and the courts of the United States are important parts of American Society worthy of respect,'" Fenner v. Bell, No. 1:08cv00367, 2009 WL 6372547 n.1 (M.D.N.C. Nov. 13, 2009)(Quoting Theriault v. Silber, 579 F.2d 302, 303 (5th Cir.1978)). "[*P]ro se* status is not a free pass to engage in abusive conduct" *Id.* Nor is it a license to recklessly "disregard the law, particularly where in the process he causes others to incur substantial expenses." In re Burse, 120 B.R. 833, 837 (Bankr.E.D. Va. 1990). (citing to Farguson v. MBank Houston, N.A., 808 F.2d 358, 359 (5th Cir. 1986)). There is nothing in the record as it currently stands which would lead the Court to conclude that the Givens is any more or less legally sophisticated than any other non-lawyer, and thus he will be given the appropriate deference by the Court, but not a "free pass."

It is impossible to understand what Givens was actually objecting to when he wrote: "Pro se, hereby gives Notice/Objection to Defendant counsel legal advice and to not 'make any changes to this document' referring to Rule 26(f) Joint memorandum, as referred to in letter dated April 8, 2010 by counsel for Defendant." [DE 22]. Givens was unable to articulate what advice he was given by Defendants' counsels and was unable to articulate how he was "gagged" with respect to any issues by the actions of Defendants' counsels. Notwithstanding Pizzuto's conclusory affidavit to the contrary, it is clear from the evidence that Defendants' counsel did not give any legal advice to Plaintiff during or incident to the Rule 26(f) planning conference and that they did not "gag" Plaintiff with respect to any issue or issues. It is clear from the evidence and record that there is no legal or factual basis to support the filing made by Givens. Why any reasonable person would have felt it necessary to make such an objection given the even handed approach taken by the Main Street Bank defendants in the Rule 26(f) report to the court is incomprehensible.

It also cannot be said that the relationship of Givens to counsel for Main Street Bank is not poisoned. Givens admitted that he had has filed ethics complaints with the West Virginia State Bar Disciplinary Counsel against Defendants' counsel.[2] Therefore, it was not unreasonable for defendants' counsel to promptly react to Givens' filing by filing the subject response and separate motion for sanctions. Givens' filing of the DE 22 Objection triggered Defendants' Counsels' response to the frivolous objection and the attendant expense associated with such a response.

Moreover, the evidence clearly established that during telephonic conferences between Plaintiff and Defendants' counsels incident to the Courts' order requiring the parties to conduct a Rule 26(f) planning conference, third persons were listening in and monitoring the conversations on Plaintiff's telephone system without the knowledge of Defendants' counsels. Defendants' counsels have been recording the telephonic conferences between them and Plaintiff because of their prior experiences with Plaintiff as a witness and party in a prior case.[3]

Finally, it is clear that Greg Givens, the plaintiff in 5:10cv27, and Dennis Givens, the plaintiff in 5:10cv26, are nephew and uncle and live in the same residence in Ohio. Each of them are non-lawyers. Each of them are appearing in their respective actions pro se. Greg Givens has been engaged in litigation involving many of the same defendants in this case since 2008 and has been the subject of prior hearings before and sanction orders from this Court. Even though each denies that he helped the other in the preparation of the motions and memorandums filed with the Court, the following evidence preponderates and is indisputable proof that such denials to the Court

---

[2]It was represented that the ethics complaints filed were dismissed by ethics counsel,

[3]These unsavory practices are noted not because they are unlawful, but because they reflect the level of distrust caused by Givens' conduct and show the need for closer Court scrutiny of the ongoing actions in the case particularly, when Givens is claiming pauper status and representing himself, making monetary sanctions

are false:

1) The objections and request for sanctions were filed on the same day as the Rule 26(f) report.

2) There is testimonial evidence of record that Givens went to the Court to read the filed 26(f) report with the already prepared objection to the same in hand.

3) This conclusion is also supported by the fact that he would not have claimed Defendants' counsel denied him the opportunity to assert matters of privilege had he actually read the report prior to preparing the objection to it because the report clearly contained language to the effect that Plaintiff wanted to claim the right to assert matters of privilege.

4) It is also supported by the fact that, except for the size and style of font, the names in the style of the case, the name of the objector and the case number, the Objection [DE 22] filed by Dennis Givens contains exactly the same language as the Objection [DE 26] filed by Greg Givens in 5: 10 cv 27 on the same date.

Both parties seek relief against the other under F R Civ P 11(b) and (c). F.R.Civ.P. 11(b)(1) provides: "By presenting to the court a pleading, written motion, or other paper – whether by signing, filing, submitting, or later advocating it – an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; ..."

F.R.Civ. P. 11( c ) provides in pertinent part:

(1) If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any ...party that violated the rule or is responsible for the violation ....

(2) A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). ... If warranted, the court may award to the prevailing party the reasonable

(3) On its own, the court may order ... or party to show cause why conduct specifically described in the order has not violated Rule 11(b).
(4) A sanction imposed under this rule must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated. The sanction may include non-monetary directives; an order to pay a penalty into court; or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation.
(5) The court must not impose a monetary sanction: (B) on its own, unless it issued the show-cause order under Rule 11(c)(3) before voluntary dismissal or settlement of the claims made by or against the party that is, ..., to be sanctioned.
(6) An order imposing a sanction must describe the sanctioned conduct and explain the basis for the sanction.

Plaintiff Dennis Givens pro se status is not a license to maltreat counsel for Defendants and to intentionally file frivolous documents designed solely to cause delay and increase litigation expense.

## V. Conclusions

Accordingly, the Court finds that: 1) Givens was given notice in accord with Rule 11(c)(2) and a reasonable opportunity to respond; 2) Givens filed his Objection To Defendant Legal Advice And To Limit Plaintiff Modification Of Rule §26 Memorandum [DE 22] without any factual or legal support for the same in violation of Rule 11(b)(2) and (3); 3) Givens' Objection To Defendant Legal Advice And To Limit Plaintiff Modification Of Rule §26 Memorandum [DE 22] is frivolous in violation of Rule 11(b)(2); 4) Givens' filing of the Objection To Defendant Legal Advice And To Limit Plaintiff Modification Of Rule §26 Memorandum [DE 22] was clearly filed for the improper purposes of harassing Defendants and their counsel and causing additional and unnecessary expenses to Defendants and their counsel in violation of Rule 11(b)(1).

The Court further concludes that Givens' conduct is sanctionable under the provisions of Rule 11(c)(1). The Court at this time and without more declines to consider application of any of

the partial or ultimate sanctions provided under FRCivP37 which include dismissal or partial dismissal of claims. It also declines to re-visit Plaintiffs' in forma pauperis status under §1915 at this time.

### VI. ORDER

For the reasons stated herein it is **ORDERED** that:

1) Givens' Objection To Defendant Legal Advice And To Limit Plaintiff Modification Of Rule §26 Memorandum [DE 22] be **DENIED** as having been rendered **MOOT** by the Court's Scheduling Order dated July 13, 2010 [DE 43];

2) Givens' Notice, Motion & Memorandum In Support Of Plaintiff Motion For Sanctions filed May 10, 2010 **[DE 30] is DENIED AS FRIVOLOUS** and the Clerk is hereby directed to remove the same from the docket of motions actively pending before this Court;

3) Defendants' Rebecca Randolph, Richard Lucas And Main Street Financial Services Corp.'s **Motion For Sanctions [DE 26] be and the same is hereby GRANTED** and said Defendants are directed to file a statement of the costs and attorneys fees they incurred as a result of bringing their motion for sanctions and responding to Plaintiff's Objection To Defendant Legal Advice And To Limit Plaintiff Modification Of Rule 26 Memorandum by August 20, 2010.

4) Givens shall have until August 31, 2010 to file any objection he may have to the reasonableness of the costs and attorneys fees Defendants claim they incurred as a result of bringing their motion for sanctions and responding to Plaintiff's Objection To Defendant Legal Advice And To Limit Plaintiff Modification Of Rule 26 Memorandum.

5) In the event Givens files an objection to the reasonableness of the costs and attorneys fees claimed by Defendants, Givens and said Defendants shall be given the opportunity to be

heard on said objections and on his financial ability to pay sanctioned costs at 12:00 noon on the 17th day of September 2010 at 12:00 pm (noon) at the Clarksburg point of holding court.  With respect to his financial ability to pay, Givens shall bring monthly bank records for any and all checking, savings or other deposit accounts he may have had in any bank within the last 24 months; monthly earnings statements for any work or employment he may have engaged in during the last 24 months; annual tax assessment and payment records for any real estate he may own or have held an interest in within the last 24 months; all annual corporate tax returns and monthly bank records for any corporation or foundation he may own, own an interest in or preside over; Social Security records for any and all benefits he may be receiving or that he may have received over the past 24 months; any and all monthly statements on credit cards he holds or has held in his name solely or jointly with another within the last 24 months;  and any and all quarterly or annual financial statements and loan applications  he may have prepared for and / or filed with any institution or foundation for the loan or grant of money within the last 24 months.

6) Finding that financial sanctions alone are not adequate to prevent ongoing abuse by Plaintiff, Dennis Givens, the Court further provides: that

   A. Defendants or their counsel shall not be required to respond to any motion filed by Plaintiff seeking to compel discovery and/or seeking sanctions against Defendants or their counsel until the Court, after preliminary review of the same to determine its bona fides, Orders such a response be filed.

   B. Plaintiff and Defendants' Counsels shall not converse by telephone.  Instead all communications shall be typewritten and sent by United States Mail certified with a return receipt requested.

C.  Pursuant to FRCivP 26(c), which in pertinent part provides:

(1) A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending — .... The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:
(A) forbidding the disclosure or discovery;
(B) specifying terms, including time and place, for the disclosure or discovery;
(C) prescribing a discovery method other than the one selected by the party seeking discovery;
(D) forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters;
(E) designating the personas who may be present while the discovery is conducted;
(F) requiring that a deposition be sealed and opened only on court order;
(G) requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way; and
(H) requiring that the parties simultaneously file specified documents or information in sealed envelopes, to be opened as the court directs.
(3) Rule 37(a)(5) applies to the award of expenses.,

- Any deposition upon oral examination of any party to the within litigation and Greg Givens, and Carol Pizzuto (Greg Givens' Mother) shall not be scheduled or taken without first clearing the time and date of the same with the Court so the Court can make itself available to telephonically monitor the same; and

- No person other than counsel of record, the person being deposed, the pro se Plaintiff, and court reporter and or videographer shall be physically present when and where such deposition is conducted. (The Court reserves the right to *sua sponte* require the deposition to be taken in an available court setting).

Pursuant to the prior order scheduling the matter for hearing, the Court found the cross motions for sanctions to be non-dispositive pre-trial matters within the meaning of 28 U.S.C. §636(b)(1)(A) and that the sanctions as sought by plaintiff and defendants against each other do not involve contempt within the meaning of 28 U.S.C. §636(e).

Any party aggrieved by this Order is hereby notified that he may serve and file objections to this Order within 14 days after being served with a copy of the same in accord with FRCivP 72(a).

The Clerk is directed to serve Dennis Givens with a copy of this order by causing a copy of the same to be deposited in the United States Mail, postage prepaid (not certified), addressed to him at the last address shown for him in the docket of this case.

Dated: August 12, 2010

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE