IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

DENNIS A. GIVENS,

    Plaintiff,

v.                                                   Civil Action No. 5:10CV26
                                                                        (STAMP)

REBECCA RANDOLPH,
MAIN STREET FINANCIAL SERVICES CORP.
(Holding company for) MAIN STREET BANK,
KEITH C. GAMBLE, and
PULLIN, FOWLER, FLANAGAN, BROWN & POE, PLLC,
individually and collectively,

    Defendants.

**<u>MEMORANDUM OPINION AND ORDER
GRANTING IN PART AND DENYING IN PART
THE PLAINTIFF'S MOTION FOR REMAND AND FOR SANCTIONS
DENYING WITHOUT PREJUDICE DEFENDANTS KEITH C. GAMBLE AND
PULLIN, FOWLER, FLANAGAN, BROWN & POE'S MOTION TO DISMISS;
DENYING WITHOUT PREJUDICE DEFENDANTS REBECCA RANDOLPH
AND MAIN STREET BANK'S MOTION TO DISMISS;
DENYING WITHOUT PREJUDICE THE PLAINTIFF'S MOTION
FOR LEAVE TO FILE AN AMENDED COMPLAINT;
DENYING WITHOUT PREJUDICE THE DEFENDANTS' JOINT
MOTION TO STRIKE PLAINTIFF DENNIS A GIVENS'
"RESPONSE TO DEFENDANT JOINT REPLY TO PLAINTIFF
OPPOSITION TO DEFENDANTS MOTION TO DISMISS";
DENYING AS MOOT THE DEFENDANTS' JOINT MOTION TO STAY DISCOVERY;
DENYING AS MOOT THE PLAINTIFF'S MOTION FOR
EVIDENTIARY HEARING AND TO SHOW CAUSE AS TO
WHY DISCOVERY AND COURT'S SCHEDULING ORDER SHOULD BE STAYED;
DENYING WITHOUT PREJUDICE DEFENDANTS REBECCA RANDOLPH AND
MAIN STREET FINANCIAL SERVICES CORP.'S MOTION TO COURT
FOR PERMISSION TO TAKE THE DEPOSITION OF DENNIS A. GIVENS;
DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR PERMISSION
TO TAKE DEPOSITION OF REBECCA RANDOLPH;
DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR PERMISSION
TO TAKE DEPOSITION OF MAIN STREET FINANCIAL SERVICES CORP.;
DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR PERMISSION
TO TAKE DEPOSITION OF KEITH C. GAMBLE;
DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION
FOR A PROTECTIVE ORDER</u>**

**VACATING MAGISTRATE JUDGE KAULL'S AUGUST 12, 2010 ORDER;
VACATING MAGISTRATE JUDGE KAULL'S SEPTEMBER 3, 2010 ORDER;
DENYING AS MOOT PLAINTIFF'S OBJECTIONS TO
MAGISTRATE JUDGE KAULL'S AUGUST 12, 2010 ORDER;
AND DENYING AS MOOT PLAINTIFF'S OBJECTIOSN TO
MAGISTRATE JUDGE KAULL'S SEPTEMBER 3, 2010 ORDER**

I.  Background

The plaintiff, Dennis A. Givens, appearing pro se,[1] filed a complaint against the defendants, Rebecca Randolph ("Randolph"), Main Street Financial Services Corp. (Holding Co. for) Main Street Bank ("Main Street Bank"), Keith C. Gamble ("Gamble"), and Pullin, Fowler, Flanagan, Brown & Poe, PLLC in the Circuit Court of Ohio County, West Virginia alleging various causes of action. The defendants thereafter removed this civil action to this Court on the basis of federal question jurisdiction pursuant to 28 U.S.C. § 1331.

Defendants Gamble and Pullin, Fowler, Flanagan, Brown & Poe PLLC filed a motion to dismiss. Defendants Randolph and Main Street Bank filed a separate motion to dismiss. The plaintiff filed a single response to which the defendants filed a joint reply. The plaintiff then filed a motion for leave to file an amended complaint to remove the reference to federal law in paragraphs 9 and 10 of his complaint. The defendants responded, but the plaintiff did not reply. In addition, the plaintiff filed

---

[1]"Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1341 (9th ed. 2009).

a motion to remand. The defendants filed a response, but the plaintiff did not file a reply.

For the reasons that follow, the plaintiff's motion to remand and for sanctions is granted in part and denied in part; the defendants' motions to dismiss are denied without prejudice; the plaintiff's motion for leave to file an amended complaint is denied without prejudice; and the defendants' joint motion to strike plaintiff Dennis A. Givens' "Response to Defendant Joint Reply to Plaintiff Opposition to Defendants Motion to Dismiss" is denied without prejudice. Further, the defendants' joint motion to stay discovery and the plaintiff's motion for evidentiary hearing and to show cause as to why discovery and court's scheduling order should be stayed are denied as moot. Defendants Randolph and Main Street Financial Services Corp.'s Motion to Court for Permission to Take the Deposition of Dennis A. Givens is denied without prejudice. The plaintiff's motions for permission to take deposition of Rebecca Randolph, take deposition of Main Street Financial Services Corp., and take deposition of Keith C. Gamble are denied without prejudice. The plaintiff's motion for a protective order is denied without prejudice. Finally, this Court vacates Magistrate Judge Kaull's August 12, 2010 Order granting the defendants' motion for sanctions and Magistrate Judge Kaull's September 3, 2010 Order directing the plaintiff to pay the defendants $1,091.00. Therefore, the plaintiff's objections to Magistrate Judge Kaull's

August 12, 2010 Order and Magistrate Judge Kaull's September 3, 2010 Order are denied as moot.

## II. Applicable Law

A defendant may remove a case from state court to federal court in instances where the federal court is able to exercise original jurisdiction over the matter. 28 U.S.C. § 1441. Federal courts have original jurisdiction over primarily two types of cases: (1) those involving federal questions under 28 U.S.C. § 1331, and (2) those involving citizens of different states where the amount in controversy exceeds $75,000.00, exclusive of interests and costs pursuant to 28 U.S.C. § 1332(a). The party seeking removal bears the burden of establishing federal jurisdiction. See Mulcahey v. Columbia Organic Chems. Co., Inc., 29 F.3d 148, 151 (4th Cir. 1994). Removal jurisdiction is strictly construed, and if federal jurisdiction is doubtful, the federal court must remand. Id.

Removal jurisdiction, however, is subject to certain restrictions. If federal jurisdiction arises only by virtue of the parties' diverse citizenship, an action "shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b). Commonly referred to as the forum defendant rule, this rule limits jurisdiction based on diversity of citizenship by requiring that defendants who have been joined and

served cannot reside in the forum state. See id. This rule only applies when a local defendant is named and served before the action is removed to federal court. See Vitatoe v. Mylan Pharm., Inc., 2008 WL 3540462 at *5 (N.D. W. Va. Aug. 13, 2008) (If a forum defendant is joined and served after the action is already removed to federal court, removal jurisdiction is not affected).

This Court has carefully reviewed the plaintiff's motion, and because the plaintiff is pro se, this Court has liberally construed the plaintiff's pleadings throughout this entire case. See Haines v. Kerner, 404 U.S. 519 (1971) (holding pro se complaint to less stringent standards than formal pleadings drafted by lawyers).

### III. Discussion

A. Motion to Remand

In this civil action, the defendants did not properly remove this case to federal court. As mentioned above, if federal jurisdiction arises only by virtue of the parties' diverse citizenship, an action "shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b). Because the defendants are citizens of West Virginia, the forum state, the forum defendant rule precludes removal to this Court. See 28 U.S.C. § 1441(b).

Nor is this Court persuaded by the defendants' argument that this case is removable because the plaintiff asserts federal claims.  The plaintiff states the following in his complaint:

> 9.  West Virginia Law recognized the lawful condition of relief.  The West Virginia Constitution and Constitution of the United States and subsequent Amendments guarantee all citizens the right to just and fair compensation for statutory and common law damages.  Citing The Constitution of the State of West Virginia, § 1, et seq., as amended.
>
> 10. The right to petition the government found in Section 16 of Article III of the West Virginia Constitution is comparable to that found in the First Amendment to the United States Constitution.  It does not provide an absolute privilege for intentional and reckless falsehoods, but the right is protected by the actual malice standard of <u>New York Times Co. v. Sullivan</u>, 376 U.S. 254, 64 S.Ct. 710, 11 L.Ed.2d 686 (1964).  To the extent that <u>Webb v. Fury</u>, 167 W.Va. 434, 282 S.E.2d 28 (1981), states to the contrary, it is overruled.

In his complaint, the plaintiff provides six causes of action, none of which are federal causes of action. Federal Rule of Civil Procedure ("Rule") 8(a)(2) requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Rule 8 does not require "detailed factual allegations," but a "pleading that offers 'labels and conclusions' or 'formulaic recitation of the elements of a cause of action will not do.'"  <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1949 (2009) (citing <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)).  A complaint that offers merely "'naked assertion[s]' devoid of 'further factual enhancement'" will not suffice.  <u>Id.</u> (citing <u>Twombly</u>, 550 U.S. at 557).

6

Paragraphs 9 and 10 of the plaintiff's complaint do not state a federal cause of action. Paragraph 9 states that the United States Constitution guarantees all citizens the right to just and fair compensation for statutory and common law damages. Paragraph 10 states that the right to petition the government found in the West Virginia Constitution is comparable to that found in the First Amendment of the United States. The case citation to <u>Sullivan</u> does not somehow create a federal cause of action. Paragraph 10 is not even a formulaic recitation of the elements of a cause of action. The plaintiff has asserted no federal cause of action under 28 U.S.C. § 1331. Accordingly, removal in this case was inappropriate. This Court must grant the plaintiff's motion for remand, but deny the plaintiff's request for sanctions.

B. <u>Objections to Order on Award of Fees and Costs</u>

On August 12, 2010, United States Magistrate Judge John S. Kaull issued an order denying the plaintiff's motion for sanctions as frivolous and granting the defendants' motion for sanctions. The defendants filed a petition and affidavit for fees and costs against the plaintiff. Magistrate Judge Kaull gave the plaintiff until August 31, 2010 to file objections to the reasonableness of the costs and attorneys' fees the defendants claim. The plaintiff filed objections. On September 3, 2010, the magistrate judge issued an order stating that he would not reconsider his August 12, 2010 Order and that the matter is now before this Court upon the

7

plaintiff's objection. The magistrate judge stated that because the plaintiff has not objected to the reasonableness of the fees and costs claimed by the defendants, he waived his opportunity to be heard and determined the reasonableness of the fees and costs without a hearing. The magistrate judge found the fees and costs requested reasonable.

Because this Court finds that it lacks jurisdiction, Magistrate Judge Kaull's Orders of August 12, 2010 and September 3, 2010 must be vacated and the plaintiff's objections to Magistrate Judge Kaull's August 12, 2010 Order are denied as moot.

## IV. Conclusion

For the reasons stated above, the plaintiff's motion to remand and for sanctions (Docket No. 13) is GRANTED IN PART as to the motion to remand and DENIED IN PART as to the motion for sanctions.[2] Accordingly, it is ORDERED that this case be REMANDED to the Circuit Court of Ohio County, West Virginia. Further, because this Court has determined that it lacks subject matter jurisdiction, the defendants' motions to dismiss (Docket No. 7 and Docket No. 9), the plaintiff's motion for leave to file an amended complaint (Docket No. 12), and the defendants' joint motion to strike plaintiff Dennis A. Givens' "Response to Defendant Joint

---

[2]This Court notes that the plaintiff, in his motion for remand and for sanctions does not indicate any law or facts for why he believes he is entitled to sanctions. Accordingly, this Court denies the plaintiff's motion for sanctions.

8

Reply to Plaintiff Opposition to Defendants Motion to Dismiss" (Docket No. 24) are DENIED WITHOUT PREJUDICE to the parties raising the same issues before the Circuit Court of Ohio County, West Virginia. Further, the defendants' joint motion to stay discovery (Docket No. 54), the plaintiff's motion for evidentiary hearing and to show cause as to why discovery and court's scheduling order should be stayed (Docket No. 57) are DENIED AS MOOT. Defendants Randolph and Main Street Financial Corp.'s motion to court for permission to take the deposition of Dennis A. Givens (Docket No. 60), plaintiff's motion to take deposition of Rebecca Randolph (Docket No. 65), plaintiff's motion to take deposition of Main Street Financial Corp. (Docket No. 66), plaintiff's motion to take deposition of Keith C. Gamble (Docket No. 67), and plaintiffs motion for a protective order (Docket No. 64) are DENIED WITHOUT PREJUDICE to the parties raising the same issues before the Circuit Court of Ohio County, West Virginia. Finally, because this Court lacks jurisdiction, Magistrate Judge Kaull's August 12, 2010 Order (Docket No. 53) and his September 3, 2010 Order (Docket No. 59) are VACATED and the plaintiff's objections to Magistrate Judge Kaull's August 12, 2010 Order (Docket No. 56) and Magistrate Judge Kaull's September 3, 2010 Order (Docket No. 63) are DENIED AS MOOT.

    IT IS SO ORDERED.

    The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the <u>pro se</u> plaintiff by certified mail and to

counsel of record herein and to the Clerk of the Circuit Court of Ohio County, West Virginia.  Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

    DATED:    September 15, 2010

<u>/s/ Frederick P. Stamp, Jr.</u>
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE